NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
CELGENE CORPORATION,               :
:          Civil Action No. 07-286 (SDW)
           Plaintiff,              :
:
v.                                 :
:                    OPINION
BARR LABORATORIES, INC.,           :
:                  June 13, 2008
           Defendant.              :
_____:

**WIGENTON,** District Judge.

Before the Court is the motion of plaintiff, Celgene Corporation ("Celgene"), to bifurcate and stay discovery of Barr Laboratories, Inc.'s antitrust and unfair competition counterclaims (Docket Entry No. 41). Defendant, Barr Laboratories, Inc. ("Barr"), opposes this motion. This Court has considered the papers submitted in support of and in opposition to the motion. For the reasons expressed below, the Court will deny this motion.

**I.      BACKGROUND**

In brief, this case involves a Hatch-Waxman patent dispute between Celgene, assignee of a group of patents related to thalidomide capsules, and Barr, who seeks to market generic thalidomide capsules. After Barr submitted an ANDA for thalidomide capsules to the FDA which included paragraph IV certifications regarding Celgene's patents, Celgene sued Barr for patent infringement. Barr responded by asserting, inter alia, that the patents are unenforceable due to inequitable conduct, and asserted antitrust and unfair competition counterclaims as well.

In November of 2007, Celgene filed the instant motion, asking this Court to bifurcate the case, such that the issues of patent infringement, invalidity, and enforceability would be addressed first, and the antitrust and unfair competition counterclaims addressed second.

## II.  DISCUSSION

The parties do not dispute the basic principle that this Court decides a motion to bifurcate pursuant to FED. R. CIV. P. 42(b):

> Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Because Rule 42(b) states that the Court "may" order a separate trial, this is a matter entrusted to this Court's discretion. Barr Laboratories, Inc. v. Abbott Laboratories, 978 F.2d 98, 115 (3d Cir. 1992). "[S]eparation of issues for trial is not to be routinely ordered." Lis v. Robert Packer Hospital, 579 F.2d 819, 824 (3d Cir. 1978) (quoting Advisory Committee note to the 1966 amendment of Rule 42(b)).

While a decision to bifurcate generally requires a careful balancing of considerations of convenience, avoidance of prejudice, and efficiency, protection of Constitutionally-guaranteed rights may preclude bifurcation under Rule 42(b). While the decision to bifurcate is a matter entrusted to the Court's discretion, "the court's discretion is not without limits. When deciding whether issues should be separately tried, trial courts must ensure that a litigant's constitutional right to a jury is preserved." Shum v. Intel Corp., 499 F.3d 1272, 1276 (Fed. Cir. 2007).

Bifurcation must not abridge the right to trial by jury guaranteed by the Seventh Amendment. In Beacon Theatres, the Supreme Court held that, if bifurcation leads to

determination of equitable issues prior to legal ones, and the equitable determination precludes a full jury trial on the legal issues, this creates an unconstitutional abridgment of the right to a jury trial: "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." Beacon Theatres v. Westover, 359 U.S. 500, 510-511 (1959). The Court held that the trial court's bifurcation pursuant to Rule 42(b) violated the petitioner's Seventh Amendment right. Id.

In the instant matter, Celgene argues that considerations of convenience, expedition, and economy support bifurcation. Barr opposes bifurcation with a number of arguments, but trumps Celgene's arguments by contending that bifurcation would severely compromise Barr's right to a jury trial on its antitrust counterclaims. Barr points to its several counterclaims which seek declaratory judgments that various patents are unenforceable due to inequitable conduct (counterclaims II, V, VII, X, XIII, XV, and XVII), and to its antitrust counterclaim XX, for violation of 15 U.S.C. § 2, which it characterizes as relying on a theory of fraud on the PTO pursuant to Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 177 (1965). Barr contends that the inequitable conduct counterclaims and the antitrust counterclaim rely on common factual allegations of knowing misrepresentation to the PTO in obtaining patents. Celgene does not dispute these assertions.

Under these circumstances, the applicable Federal Circuit law is quite clear, and it was most recently set forth in Shum. In Shum, the district court had granted a motion to bifurcate under FED. R. CIV. P. 42(b) and held a bench trial to resolve an equitable claim, followed by a jury trial on legal claims. Shum, 499 F.3d at 1277. The Federal Circuit held that, because the

3

equitable and legal claims shared common factual issues, and because the bench trial had resolved factual issues underlying the legal claims, Shum was improperly denied a jury trial on those factual issues, and remanded the case for a jury trial. Id.

Applying Shum to the instant case, there are two steps to the analysis. First, the Court must determine whether the movant seeks to bifurcate the case such that resolution of an equitable claim precedes resolution of a legal claim. If this is the case, then the Court must determine whether the equitable and legal claims share common factual issues.

This Court finds that Celgene seeks to bifurcate such that resolution of an equitable claim (inequitable conduct) precedes resolution of a legal claim (Walker Process). Barr's inequitable conduct counterclaims assert that various patents are unenforceable due to inequitable conduct. The Federal Circuit has clearly stated that "'inequitable conduct' is derived from the doctrine of unclean hands and is purely equitable in nature." Gardco Mfg., Inc. v. Herst Lighting Co., 820 F.2d 1209, 1212 (Fed. Cir. 1987). The parties do not dispute that the antitrust claim is legal in nature.

Having determined that Celgene seeks to bifurcate the case such that resolution of an equitable claim precedes resolution of a legal claim, this Court must determine whether the equitable and legal claims share common factual issues. Here, the Federal Circuit has also provided guidance: "We have long recognized that a Walker Process counterclaim and an affirmative defense of inequitable conduct share common factual elements." Cabinet Vision v. Cabnetware, 129 F.3d 595, 600 (Fed. Cir. 1997). Celgene even seems to recognize this when it argues that Walker Process fraud and inequitable conduct are "related." (Pl.'s Br. 2) Both rely on factual allegations of misrepresentation to the PTO during the patent application process.

Because Celgene seeks to bifurcate such that resolution of an equitable claim would precede resolution of a legal claim, and the relevant claims share common factual elements, bifurcation would violate Barr's Constitutionally-guaranteed right to trial by jury. Under <u>Beacon Theatres</u>, the motion to bifurcate must be denied.[1]

### III. CONCLUSION

For the reasons set forth above, the Court will deny Celgene's motion to bifurcate and stay discovery of Barr Laboratories, Inc.'s antitrust and unfair competition counterclaims.

_____ s/SUSAN D. WIGENTON
United States District Judge

cc: Hon. Madeline Cox Arleo, U.S.M.J.
Clerk of the Court
Parties

---

[1] Celgene's reply papers do not squarely address Barr's jury trial argument. Celgene appears to attempt to counter the argument by pointing to this Judge's prior decision as Magistrate Judge in <u>Ricoh v. Katun Corp.</u>, No. 03-2612 slip op. at 2-3 (D.N.J. July 14, 2005). This Opinion does not address the jury trial issue and is inapposite.